Sedgwick J. (concurring).
If the instrument made by the plaintiff to Jonathan O. Fowler is within the terms of the act for the relief of partners and joint debtors, clearly the other debtors in the judgment remained liable upon it, and the defendants are liable upon the undertaking given by them.
But if that instrument is not within the act, the defendants must at least make it appear by proof that Fowler was discharged from the judgment, in order to claim that such a discharge operated in favor of the other jointly liable upon it.
The only proof given on this point was the making of the instrument referred to, and its delivery to Fowler. It does not appear in the case that the latter ever used it to procure a satisfaction or discharge of the judgment of record so far as he was concerned. If we should take for *273 granted, however, that such a satisfaction or discharge was effected, it would be made by the clerk only by virtue of the supposed applicability to the case of the Joint Debtor Act. If in fact it was not within the act, the instrument would not justify the clerk proceeding upon it to absolutely satisfy the judgment, because such would not be the purpose of the party making it, as shown by its contents.
The appellants’ position, that the case hot being one under the Joint Debtor Act, Fowler was released or discharged from the judgment, rests alone upon the terms of the instrument referred to. As to this, we must say that it was not a release (needing no consideration to uphold it, and being in law a satisfaction), for it had no seal. Being without a seal, in order to bind the party making it, it must be supported by a consideration. The money paid by Fowler, however, was but a part of a sum altogether due, and cannot be a consideration for a new obligation by the party receiving that money.
In either aspect of the case, whether it is or is not controlled by the Joint Debtor Act, the judgment should be affirmed. »